[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-14581
Non-Argument Calendar

_____

D.C. Docket No. 3:16-cr-00348-WKW-WC-13

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JESSIE ACOSTA,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(November 18, 2019)

Before JORDAN, ROSENBAUM, and NEWSOM, Circuit Judges.

PER CURIAM:

Jessie Acosta appeals his conviction after pleading guilty to conspiracy to distribute and possess with intent to distribute methamphetamine and cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 846. For the first time on appeal, Acosta argues that his decision to plead guilty was tainted by his counsel's ineffective assistance and that, as a result, his conviction and sentence should be reserved. However, the record is not sufficiently developed in this direct appeal to resolve this ineffective-assistance claim, so we affirm Acosta's conviction and sentence.

**I.**

A federal grand jury returned a two-count superseding indictment charging Acosta and fourteen others with conspiring to distribute and possess with intent to distribute methamphetamine and cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and Acosta and two others with conspiring to launder money, in violation of 18 U.S.C. § 1956(a)(1)(B), (h). After his arrest, Acosta was released on bond.

In April 2018, Acosta, represented by appointed counsel, pled guilty to the drug-conspiracy count under a written plea agreement with the government. In exchange for Acosta's guilty plea, the government agreed to recommend a guideline reduction for acceptance of responsibility, to not bring additional charges arising out of the criminal activity, to dismiss the money-laundering count after sentencing, and to recommend a sentence at the bottom of the guideline range. The parties also agreed that Acosta was accountable for 18.18 kilograms of cocaine, 84.9 kilograms

2

of methamphetamine, and 41.13 kilograms of marijuana, which resulted in a base offense level of 38 under the sentencing guidelines.

After Acosta pled guilty, a magistrate judge conducted a bond hearing under seal. During the hearing, the magistrate judge chastised Acosta's counsel for his conduct in relation to ensuring that Acosta complied with his bond conditions.

Before sentencing, the probation office prepared Acosta's presentence investigation report ("PSR"). The PSR recommended a base offense level of 38, U.S.S.C. § 2D1.1, a four-level increase for Acosta's role as an organizer or leader in the criminal activity, *id.* § 3B1.1(a), and a three-level reduction for acceptance of responsibility, *id.* § 3E1.1, for a total offense level of 39. Along with a criminal history category of II, this established a recommended guideline imprisonment range of 292 to 365 months. Acosta's counsel filed objections to the PSR challenging the organizer or leader enhancement, arguing that Acosta was not a leader in the drug organization and did not exercise any decision-making authority.

In mid-July 2018, the district court issued orders continuing the sentencing hearing and, on its own motion and without explanation, discharging Acosta's counsel. The court directed the Federal Defender's Office to secure new counsel.

Represented by new counsel, Acosta went forward with sentencing in October 2018. The district court overruled Acosta's objection to the four-level leadership

enhancement and then sentenced him to 150 months of imprisonment. Acosta now appeals.

On appeal, Acosta raises the sole issue of whether his appointed counsel, prior to being discharged by the district court, rendered ineffective assistance in connection with Acosta's decision to plead guilty.

## II.

Ordinarily, we review an ineffective-assistance-of-counsel claim *de novo* as a mixed question of law and fact. *United States v. Bender*, 290 F.3d 1279, 1284 (11th Cir. 2002). But we generally do not consider ineffective-assistance claims on direct appeal. *Id.* In most direct appeals, the record will be "incomplete or inadequate" for litigating a claim of ineffective assistance. *Massaro v. United States*, 538 U.S. 500, 504–05 (2003). For that reason, ineffective-assistance claims are better handled in the context of a collateral attack on the conviction under 28 U.S.C. § 2255, where the district court can develop the facts necessary to evaluate the claim. *United States v. Merrill*, 513 F.3d 1293, 1308 (11th Cir. 2008). Yet there will be "rare" cases where the record is developed enough to consider such a claim on direct appeal. *Id.*

Acosta maintains that this is "the rare case where the ineffective assistance of counsel is clearly evident from the record on direct appeal." He points out that counsel was discharged by the district court on its own motion and argues that the

4

transcripts of the bond and sentencing hearings demonstrate that counsel did not provide competent representation.

To establish ineffective assistance of counsel, a defendant must show both that (1) his counsel's performance was deficient and (2) the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Where the defendant challenges a guilty plea based on ineffective assistance, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 472 U.S. 52, 59 (1985).

Here, we conclude that the record below is not sufficiently developed to evaluate Acosta's claim of ineffective assistance at this time. To be sure, the record indicates that counsel was discharged by the district court due to concerns about his representation of Acosta, specifically with regard to Acosta's bond conditions. But the record contains little to no information about the factual background concerning Acosta's decision to plead guilty. Specifically, we lack any information about the conversations Acosta had with counsel during the plea negotiation process, or about counsel's communication with prosecutors regarding the plea agreement. Without additional factual development, we cannot tell whether Acosta was prejudiced by counsel's ineffectiveness, if any, during the plea-bargaining process.

As a result, we think that Acosta's claim of ineffective assistance, like most claims of ineffective assistance, is better handled in the context of a § 2255 proceeding. *See Massaro*, 538 U.S. at 504 ("[I]n most cases a motion brought under § 2255 is preferable to direct appeal for deciding claims of ineffective assistance."). We therefore affirm Acosta's conviction and sentence without prejudice to Acosta raising this claim in a collateral attack on his conviction under § 2255.

**AFFIRMED.**